**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ESTHER CANDIDO,

                    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

Civ. No. 08-3612 (DRD)

**O P I N I O N**

*Appearances by:*

LEGAL SERVICES OF NEW JERSEY
by: Kevin Liebkemann, Esq.
P.O. Box 1357
Edison, NJ 08818

    *Attorneys for Plaintiff*

PAUL J. FISHMAN
United States Attorney for the District of New Jersey
by: Kimberly L. Schiro, Esq.
Special Assistant United States Attorney
c/o Social Security Administration
Office of the General Counsel
26 Federal Plaza, Room 3904
New York, NY 10278

    *Attorneys for Defendant*

**DEBEVOISE, Senior District Judge**

This matter arises out of a dispute over whether Plaintiff, Esther Candido, is eligible for Supplementary Security Income ("SSI") benefits under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381-1383f. After protracted proceedings – including a prior appeal to this Court – an Administrative Law Judge ("ALJ") denied Plaintiff's request for those benefits. Plaintiff sought relief from the Appeals Council of the Social Security Administration (the "Appeals Council"), which affirmed the ALJ's decision.

Following that ruling, Plaintiff appealed to this Court, which on October 28, 2009 reversed and remanded for further proceedings. In doing so, the Court noted that Plaintiff had failed, despite repeated requests by the ALJs presiding over her case, to appear at several hearings, submit evidence integral to her claims, or undergo necessary medical examinations. It determined, however, that the ends of justice would be best served by allowing further development of the factual record.

Plaintiff now moves for attorneys' fees and costs associated with her appeal pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Defendant, the Commissioner of Social Security ("the Commissioner") opposes that request on two grounds. First, he argues that, although Plaintiff prevailed on the merits of her appeal, the denial of her claims below was "substantially justified." In the alternative, he contends that the fees sought by Plaintiff are excessive.

Plaintiff counters by arguing that the decision below was not "substantially justified." In support of that argument, she points out that she was unrepresented by counsel during most of the proceedings below, but retained an attorney on February 24, 2004 – one day after the final deadline by which she was required to submit various materials to the ALJ. Rather than extend

that deadline in order to allow Plaintiff's newly-retained attorney to submit further materials, the ALJ issued his decision denying Plaintiff's claim on March 16, 2004. Noting statements in the Court's October 29, 2009 ruling to the effect that the ALJ's failure to allow her newly-retained attorney an opportunity to supplement the record constituted reversible error, Plaintiff claims that error rendered the Commissioner's actions unreasonable and necessitates the award of attorneys' fees and costs associated with the subsequent proceedings before the Appeals Council and this Court.

For the reasons set forth below, Plaintiff's request will be denied. ALTHOUGH THE COURT REVERSED THE COMMISSIONER'S DECISION IN ITS OCTOBER 29, 2009 RULING, IT NOTED CANDIDO'S INTRASIGENCE.

## I.  BACKGROUND

The complicated procedural history of this action is set forth at length in the Court's October 29, 2009 Opinion, which is incorporated herein by reference. See Candid v. Astrue, 2009 WL 3615030 (D.N.J. 2009). In order to add context to today's decision, much of that history will be repeated below.

Plaintiff filed her initial application for SSI benefits on November 15, 1993. On September 27, 1996, an ALJ denied her claim. She sought relief from the Appeals Council, which affirmed, and then from this Court, which reversed and remanded on August 20, 1999. In doing so, the Court instructed the Commissioner to (1) undertake certain medical examinations, (2) prepare a new Physical Capacities Evaluation based on the results of those tests, (3) consider supplementary evidence of disability submitted by Plaintiff during her appeal but not presented

in her original ALJ hearing, and (4) present testimony from a vocational expert relating to Plaintiff's ability to obtain employment in the national economy.

Following remand, the ALJ presiding over the case scheduled a hearing on March 21, 2001.  He sent notice of that hearing, along with a list of legal services providers from which it was hoped that she could obtain representation, to Plaintiff on February 23, 2001.  (R. at 139-45.)

When Plaintiff failed to appear at the March 21, 2001 hearing, the ALJ sent her a Notice to Show Cause for that failure and informed her by letter that he would schedule another hearing if she could give a reason for her earlier absence.  (R. at 167.)  In response, Plaintiff wrote on March 31, 2001 that she could not be present at future hearings and stated, "[p]lease, your Honor, make your decision based on all the additional medical evidence, I mailed to you on 3/15/01."  (R. at 168.)

In another letter sent on May 9, 2001, the ALJ informed Plaintiff that he had requested a consultative medical examination for her.  He advised her that, "[s]ince this examination is necessary for the proper evaluation of your claim, it is urged that you give your full cooperation to the arrangements made."  (R. at 169-71.)  Plaintiff failed to appear for the examination or otherwise communicate with the ALJ.  On the date the examination was to be held, her brother contacted her claims adjuster at the SSA by telephone to inform him that she would not attend.  See (R. at 172.)

On June 22, 2001, the ALJ sent Plaintiff another communication, in which he informed her that a hearing on her claims would be scheduled for August 8, 2001, and testimony from a vocational expert would be taken at that time.  (R. at 181-85.)  The June 22, 2001 notice sent by the ALJ specifically stated that the August 8th hearing was being held pursuant to this Court's

4

instructions in its August 20, 1999 decision remanding the case, and informed Plaintiff that if she needed to cancel or reschedule the hearing she could do so. (R. at 181, 182.)

On July 11, 2001, Plaintiff acknowledged receipt of the ALJ's communication scheduling a hearing for August 8th of that year, but checked a box on the form indicating that she would be unable to attend. She then wrote:

> Please your Honor, I cannot be present, because of my health problems. Please I request that please your Honor make your decision based on all the additional Medical evidence I mailed in to you on 3/15/01. And my Mother had a stroke.
>
> I'm very Sorry Your Honor in the delay in mailing this Form to you, the reason it's a little late, is because my Uncle recently had a stroke also. I'm really so sorry for the delay. Between my health and the family illness this is the reason I cannot be present.

(R. at 185.)

After being advised that Plaintiff would not attend the August 8, 2001 hearing, the ALJ sent a series of written interrogatories to the vocational expert, asking him to examine the relevant exhibits and respond. (R. at 186-88.) Upon receiving the vocational expert's responses, the ALJ on November 15, 2001 issued a decision denying Plaintiff's request for SSI benefits.

Plaintiff again sought relief from the Appeals Council, which on January 21, 2004 reversed and remanded the case to a different ALJ. Its decision to do so was not based on any substantive error in the original ALJ's factual findings, but rather the fact that Plaintiff was not served with a copy of the vocational expert's interrogatory responses and given a chance to respond. (R. at 203) ("The [ALJ] obtained evidence from a vocational expert by written interrogatory and response. However, he did not proffer this evidence to claimant, so that she did not have an opportunity to consider the evidence or respond to it before a decision was made.") Therefore, the Appeals Council instructed the ALJ to whom the case was remanded to:

> Offer the claimant an opportunity (by mail or in person) to see and respond to the evidence provided by the vocational expert; [and]
>
> Obtain additional evidence concerning the claimaint's endometriosis, in order to complete the administrative record. The additional evidence may include, if warranted and available, a consultative internist's examination and medical source statements about what the claimant can still do despite her impairment. Absent such additional evidence, the Administrative Law Judge would appear to have been justified in determining that the claimant was [not entitled to SSI benefits].

(R. at 203-04.)

On February 9, 2004, the ALJ to whom the case was assigned on remand sent Plaintiff copies of the vocational expert's interrogatory answers with a request that she respond within 10 days. (R. at 207.) On the same day, the ALJ mailed Plaintiff a request for additional evidence regarding her endometriosis. In that request, he stated:

> It is essential that the names and addresses of all sources, if any, who have treated you for endometriosis since November 15, 2001 [be] provided to me. I am enclosing a postage-paid envelope for you to mail your response. … Forward this material to my attention by February 23, 2004.

(R. at 205.)

Plaintiff did not respond to either request prior to the deadlines specified by the ALJ. She did, however, successfully seek counsel. In a letter dated February 24, 2004 – one day after the last deadline set by the ALJ – an attorney from Legal Services of New Jersey wrote a short letter to the ALJ to inform him that Plaintiff was represented. The entire text of that correspondence consisted of the following statements:

> I am entering my appearance as Ms. Candido's attorney in her SSI claim. I have attached an Appointment of Representative form to this letter. Please forward any future correspondence in this matter to my attention. I have already made a copy of the file.
>
> Thank you kindly for your attention to this matter.

(R. at 208.)

6

There is no evidence in the record that Plaintiff's new attorney requested that he be granted an opportunity to submit supplementary evidence relating to her disability, respond to the vocational expert's interrogatory answers, or arrange for Plaintiff to undergo additional medical examinations. To the contrary, the February 24, 2004 letter excerpted above appears to be the only correspondence between Plaintiff's attorney and representatives of the Commissioner prior to March 16, 2004, the date on which the ALJ issued a decision denying Plaintiff's claim. See (R. at 88-97.)

With the help of her new attorney, Plaintiff petitioned the Appeals Council for relief from that decision. (R. at 87.) On May 24, 2004, the Appeals Council affirmed, holding that the findings and conclusions contained in the ALJ's March 16, 2004 ruling were supported by substantial evidence. In doing so, it noted the difficulties faced by the ALJ due to Plaintiff's refusal to participate in the proceedings below, stating:

> After careful review, the Appeals Council is persuaded that the Administrative Law Judge has complied with [the] court's instructions in evaluating the case. The claimant was given an opportunity to appear at the hearing and submit additional evidence in support of her impairments. Additional evidence was not submitted and the claimant asked for a decision on the record. Although the Council subsequently remanded because procedural documents were not in the record, those documents have now been made exhibits.

(R. at 81.)

Plaintiff subsequently appealed to this Court, which on October 27, 2009 reversed and remanded. In its ruling, the Court expressed "considerable reluctance" to disturb the Commissioner's findings, and stated that:

> On the one hand the Court sympathizes with the overburdened Administrative Law Judges frustrated in their good faith efforts to comply with this Court's directives [of August 20, 1999] by the foolish decisions of the Plaintiff. On the other hand the Court is presented with an undeveloped record which might or might not establish that a pro se, unwell welfare recipient only recently represented by an attorney is entitled to SSI. In light of an ALJ's duty to develop

7

> the record, the inadequacy of the record in this case and the likelihood that, with Plaintiff now having counsel, the record can be completed, the case will be remanded for completion of the record.

Candido, 2009 WL 3615030 at *4.

Elsewhere in its decision, the Court noted that "the ALJs hearing the case attempted to comply with the various directives [contained in its August 20, 1999 Order] but were prevented from doing so by Plaintiff's failure to cooperate." Id. at *5. The Court found it "understandable" that, after Plaintiff repeatedly refused to attend hearings, submit additional evidence, or undergo medical examinations, "that the ALJ would conclude that enough is enough and enter a decision … that Plaintiff was not entitled to benefits." Id. at *6. It held, however, that "in the extreme circumstances of this case Plaintiff's attorney should have been given the opportunity to cure his client's serious missteps." Id. Those circumstances include the Court's determination that (1) Plaintiff "is suffering, and has been suffering for decades, from endometriosis and other related ailments," the fact that she is a welfare recipient with little education living with several other unwell family members whose conditions may have diverted her attention from her claim, and her lack of legal representation prior to February 24, 2004. Id. at *7. Based on those factors and the undeveloped nature of the record below, the Court held that, "in light of the care with which the Commissioner must handle these cases, the ALJ should have given the attorney, just recently retained, the chance to present fully the Plaintiff's case." Id.

## II. DISCUSSION

In the pending Motion, Plaintiff requests attorneys' fees and costs accrued in appealing the ALJ's March 16, 2004 ruling denying her claims. Under the Equal Access to Justice Act ("EAJA"), a Court may award attorneys' fees and costs to "the prevailing party in any civil action brought by or against the United States or any agency or official of the United States

8

acting in his official capacity." 28 U.S.C. § 2412(b).  In order to be eligible for such an award, the party seeking attorneys' fees and costs must demonstrate that the government was not "substantially justified" in taking the action at issue.  28 U.S.C. § 2412(d)(1)(B).

There is no question that Plaintiff is a "prevailing party."  See Shalala v. Schaefer, 509 U.S. 292, 302 (1993) ("A party who wins a … remand order [in a social security case] is a prevailing party.").  Rather, the entire dispute between the parties revolves around whether the Commissioner's determination that Plaintiff was not eligible for SSI benefits – made pursuant to the ALJ's March 16, 2004 ruling – was "substantially justified."

Plaintiff contends that it was not.  In doing so, she relies on this Court's October 27, 2009 ruling that the ALJ erred in denying Plaintiff's claims without granting her newly-appointed attorney additional time to submit evidence relating to her condition and arrange for medical examinations.  See (Pl.'s Br. Supp. Mot. Fees ¶ 9) ("The Commissioner's lack of substantial justification … is demonstrated by the Court's finding that the ALJ erried in that he 'should have given the attorney, just recently retained, the opportunity to present fully the Plaintiff's case.'" (quoting Candido, 2009 WL 3615030 at *7)); see also (Pl.'s Reply Br. Supp. Mot. Fees 4) ("The lack of a complete record in this case, and this entire civil action, could have easily been avoided if [the] ALJ [] had merely informed [Plaintiff's] attorney [] that he intended to rule by a certain date, and that updated evidence and arguments should be provided beforehand.  The Commissioner makes no convincing justification for the ALJ's failure to do so.")

In contrast, the Commissioner argues that the ALJ's March 16, 2004 ruling was substantially justified in light of Plaintiff's repeated failure to attend hearings relating to her claims, submit supplemental evidence, or undergo necessary medical examinations.  Like Plaintiff, the Commissioner relies on statements made in this Court's October 27, 2009 ruling.

He contends that, although the Plaintiff prevailed in her appeal, the Court indicated in its decision that the ALJ's decision was substantially justified by rejecting her due process argument and repeatedly noting that the ALJs below were "frustrated in their good faith efforts to comply with [its] directives" due to the "foolish decisions of the Plaintiff" not to participate in the proceedings below.  (Def.'s Br. Opp'n Mot. Fees 6 (quoting Candido, 2009 WL 3615030 at *4));  see also (Def.'s Br. Opp'n Mot. Fees 7) ("[T]he Court all but concluded that the Commissioner's decision and actions in the processing and evaluation of Plaintiff's claim of disability were substantially justified.  The Court repeatedly stated that the gaps in the record for which the case was being remanded were caused by Plaintiff's own actions, and not be any deficiency on the part of either ALJ assigned to this matter.").

**A.  The "Substantially Justified" Standard**

In order to assess the parties' arguments, the Court must examine how the term "substantially justified" has been interpreted.  The Supreme Court has ruled that "substantially justified," as used in 28 U.S.C. § 2412(d)(1)(B), does not mean "'justified to a high degree,' but rather 'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person."  Pierce v. Underwood, 487 U.S. 552, 555 (1988).  In other words, the Commissioner's determination is "substantially justified" if it has a "reasonable basis in both law and fact."  Id.

Importantly for the purposes of this case, "[t]he EAJA is not a 'loser pays' statute." Morgan v. Perry, 142 F.3d 670, 685 (3d Cir. 1998).  "A court cannot assume that the government's position was not substantially justified simply because the government lost on the merits."  Id.  Accordingly, a plaintiff's request for fees and costs must be denied even in cases

10

where the government's action was ultimately deemed erroneous if "reasonable people could differ as to the appropriateness of the contested action." Pierce, 487 U.S. at 565.

**B. Plaintiff's Motion for Attorneys' Fees and Costs**

Under that standard, Plaintiff's request for attorneys' fees and costs must be rejected. As detailed in the Court's October 27, 2009 Opinion, the Commissioner's decision to deny Plaintiff's request for SSI benefits was "understandable." Candido, 2009 WL 3615030 at *7. During the period between this Court's August 20, 1999 ruling the March 16, 2004 decision, Plaintiff refused to comply with no fewer than six requests by the ALJs presiding over her case that she appear at hearings, submit additional evidence, or undergo medical examinations. She specifically requested on at least two occasions that the ALJs render a decision based on the written record. Moreover, she failed – despite being given repeated opportunities – to cooperate with orders of this Court and the Appeals Council designed to bring her claims to an efficient resolution.

Similarly, the Commissioner's decision to oppose Plaintiff's appeal from the March 16, 2004 ALJ decision was substantially justified in light of the 16-year history of this case and the Plaintiff's repeated refusal to attend hearings, submit additional evidence, or undergo medical examinations. Plaintiff contends it was "unreasonable" for the ALJ to deny her claims without first allowing her attorney – who served notice that he would be handling the case on February 24, 2004 – the opportunity to submit additional evidence on her behalf, and that the Commissioner was similarly "unreasonable" in defending that action on appeal. (Pl.'s Br. Supp. Mot. Fees ¶ 10.) A review of the record reveals, however, that her attorney never requested such an opportunity.

11

Plaintiff attempts to overcome the fact that her attorney never requested an extension of time or opportunity to supplement the record by arguing that she had no way of knowing on February 24, 2004, the day her counsel first communicated with the ALJ, that a decision was imminent. (Pl.'s Reply Br. Supp. Motion Fees 2) (The ALJ "made no attempt to contact [Plaintiff's attorney] to indicate that a decision was imminent and that he should submit arguments and evidence beforehand."). That contention is unavailing. Plaintiff's attorney stated in his February 24, 2004 letter to the ALJ that he had obtained a copy of the case file. (R. at 208.) A thorough review of that file would have shown that the ALJ's February 9, 2004 letters to Plaintiff requested that she submit responses to the vocational expert's interrogatory answers by February 19th of that year, and provide the names and addresses of any physicians who had treated her condition by February 23rd. Moreover, such a review would have shown that the only issue the Appeals Council instructed the ALJ to address in its January 21, 2004 decision remanding the case was the fact that Plaintiff had not previously been given an opportunity to respond to the vocational expert's interrogatory answers. (R. at 203-04.) Thus, Plaintiff's attorney should have been aware that her claims might be denied at any moment, and should have requested that he be allowed to supplement the record immediately after being appointed. Having failed to do so for at least three weeks – the time period between his February 24, 2004 letter and the ALJ's March 16, 2004 ruling – he may not contend that ruling came as a surprise.

As discussed in the Court's October 27, 2009 Opinion, the 16-year history of this dispute involves tragic circumstances. There is no doubt that Plaintiff is suffering from a variety of medical conditions, and that her failure to comply with the earlier efforts by both this Court and the ALJs presiding below to effectively resolve her claims was attributable to the combination of

those maladies, her lack of education, and other extenuating circumstances.[1]  However, the ALJs made an admirable effort to overcome Plaintiff's circumstances, and handled her claims with reasonable care.  In light of those efforts, the Commissioner's determination denying her application for SSI benefits was substantially justified, and the pending Motion must be denied.

### III.  CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Attorneys' Fees and Costs is denied.

    s/ Dickinson R. Debevoise
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated:  May 17, 2010

---

[1] The Court's earlier decision to reverse the Commissioner's determination and remand the case was motivated by those circumstances and the incomplete nature of the record below.  As stated in that decision, the fact that Plaintiff is now represented by counsel presents a promising opportunity for the Commissioner to obtain the necessary evidence to complete the record and come to a fair and efficient resolution of her claims.

13